








```
ANDY    7/25/02    9:23
3:00-CV-01908   MILLER V. ALABAMA STREET
*74*
*O.*
```

FILED
02 JUL 24 PM 3:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MILLER, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>ALABAMA STREET APARTMENTS, et al.,<br><br>                Defendants. | CASE NO. 00-CV-1908 W (AJB)<br><br>**ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

    Plaintiffs Ruth Miller and John J. Lutheran (collectively "Plaintiffs") move for reconsideration of the Court's Order Denying Plaintiffs' Motion for Partial Summary Judgment dated July 9, 2002. Defendants Alabama Street Apartments, Bob Yarber (a.k.a. "Jim Dwyer"), Michael P. McNally and Sandra J. McNally (collectively "Defendants") partially oppose. All parties are represented by counsel. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the following reasons, the Court partially **GRANTS** Plaintiffs' motion.

I. BACKGROUND

By order dated July 9, 2002 this Court denied Plaintiffs' motion for partial summary judgment on Plaintiffs' housing discrimination action. Specifically, the Court dismissed Plaintiffs' Fair Employment and Housing Act ("FEHA") claim because Plaintiffs' pleadings failed to show that Plaintiffs pursued DFEH administrative relief within one year of the alleged FEHA violations. Plaintiffs now seek reconsideration contending that the FEHA claim should survive. Plaintiffs further suggest that the Court's FHA analysis is flawed. The Court now reconsiders its prior decision as detailed below.

II. LEGAL STANDARD

A. FEHA

A claimant seeking FEHA relief may first file an administrative complaint with the California Department of Fair Employment and Housing ("DFEH"). See CAL. GOV'T CODE § 12980(a). If the DFEH director does not issue an accusation within 100 days after the complaint's filing, the DFEH shall promptly notify the claimant. See CAL. GOV'T CODE § 12980(h). The notice shall state that the claimant may pursue a civil action under CAL. GOV'T CODE § 12989.1. See id. However, a claimant may pursue an FEHA civil action within two years of the alleged discriminatory housing practice violation without filing a DFEH complaint. See CAL. GOV'T CODE §§ 12980(h), 12989.1.[1]

B. FHA

The FHA prohibits certain statements and publications concerning housing sales or rentals. See 42 U.S.C. § 2604(c). Section 2604(c) provides in relevant part:

---

[1] See generally Deborah Dubroff, *Sexual Harassment, Fair Housing, and Remedies: Expanding Statutory Remedies into a Common Law Framework*, 19 T. JEFFERSON L. REV. 215, 226 (1997) (discussing FEHA housing remedies).

> [I]t shall be unlawful . . . [t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, *familial status*, or national origin, or an intention to make any such preference, limitation, or discrimination.

Id. (emphasis supplied). Specifically, the FHA prohibits statements and publications concerning familial status that indicate discrimination, preference, or limitations in housing sales or rentals. See id.

### III. DISCUSSION

#### A. REINSTATEMENT OF PLAINTIFFS' FEHA CLAIM

The Court first considers its dismissal of Plaintiffs' FEHA claim. By order dated July 9, 2002 this Court dismissed Plaintiffs' FEHA claim for failure to exhaust administrative remedies. The Court erred and both parties agree. Therefore, the Court vacates the prior dismissal and reinstates Plaintiffs' timely FEHA claim.[2]

#### B. ANALYSIS OF PLAINTIFFS' FHA CLAIM

The Court next reconsiders Plaintiffs' FHA claim. The FHA prohibits statements and publications that indicate discrimination, preference, or limitations concerning familial status in rental housing. See 42 U.S.C. § 3604(c).[3] In the July 9, 2002 Order, the Court analyzed Plaintiffs' alleged FHA violation under § 3604(c). The Court first considered and analyzed Dwyer's August 1999 regulations and policies (the "New Policies"). (Ct. Order Den. Summ J. at 6-7.) Next, the Court

---

[2] Plaintiffs' FEHA claim is based on the same factual allegations as Plaintiffs' FHA claim. The Court finds that the same genuine issues of material fact that preclude summary judgment on Plaintiffs' FHA claim also precludes summary judgment on Plaintiffs' FEHA claim. Accordingly, the Court denies Plaintiffs' motion for summary judgment on the FEHA claim.

[3] (Ct. Order Den. Summ J. at p. 4.) (citing 42 U.S.C. § 3604(c) and stating that "[t]he FHA broadly prohibits familial status discrimination in rental housing . . ." and "[t]he FHA prohibits housing practices based on discriminatory terms, conditions, privileges, preferences or limitations . . .").

considered and analyzed Defendants' eviction notice. (*Ct. Order Den. Summ J.* at 7-8.) Finally, the Court considered and analyzed Dwyer's alleged remarks concerning the tenants' rights meeting. (*Ct. Order Den. Summ J.* at 8-9.)

The New Policies, eviction notice and Dwyer's alleged remarks all qualify as statements or publications under § 3604(c). For example, it is undisputed that Dwyer published the New Policies in his letter dated August 6, 1999. Whether these statements or publications reveal a preference, limitation or discrimination in rental housing based on familial status remains a genuine issue of material fact for trial. Defendants have proffered evidence of legitimate nondiscriminatory reasons for the New Policies and eviction notice.[4] (*Pls' Mot. for Recons.* at 6-8.)

For instance, Dwyer's alleged remarks at the tenants' rights meeting are statements under § 3604(c). However Dwyer asserted that he did not even know of the tenants' rights meeting until after the fact. (*Defs.' Mem. of P & A*, Ex. A at 37:12 - 37:25; *Ct.'s Order Den. Summ J.* at 8.) Contrary to Plaintiffs' assertions, this Court did not confine its FHA review to 42 U.S.C. § 3604(b). (*Pls' Mot. for Recons.* at 3.) Rather, the Court adequately considered and analyzed the New Policies, eviction notice and Dwyer's alleged remarks under the entire housing statute.

Plaintiffs do not explain how or why the Court allegedly failed to analyze their FHA claim under § 3604(c). Moreover, Plaintiffs fail to cite any part of the Order or Complaint to support that contention. Plaintiffs have only made a general allegation that "a single, unlawful statement can violate more than one provision of the Fair Housing Act and must be analyzed under all applicable sections of the Fair Housing Act." (*Pls' Mot. for Recons.* at 3.) However, Plaintiffs have not identified a single statement or publication that this Court has not analyzed under § 3604(c). Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration of Plaintiffs'

---

[4] A defendant may rebut the presumption of discrimination in an FHA claim by proffering evidence of a legitimate nondiscriminatory reason that raises a genuine issue of fact as to whether the defendant discriminated against the plaintiff. See Texas Dep't of Community Affairs v. Burdine, 101 S. Ct. 1089, 1094-95 (1980).

FHA claim under § 3604(c). The Court maintains its prior decision that summary judgment is not warranted in Plaintiffs' favor.

### IV. CONCLUSION AND ORDER

In light of the foregoing, the Court partially **GRANTS** Plaintiffs' motion for reconsideration and reinstates Plaintiffs' FEHA claim. The Court **DENIES** all other requests advanced by Plaintiffs.

**IT IS SO ORDERED.**

DATE: July 24, 2002

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES